,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY VARNER, | ) Case No. CV 20-8732-GW (JPR) |
| Petitioner, | )<br>) |
| v. | ) ORDER SUMMARILY DISMISSING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS |
| FELICIA PONCE, | )<br>) |
| Respondent. | )<br>) |
| ———————————————————— | ) |

On September 17, 2020, Danny Varner, a prisoner at Terminal Island Federal Correctional Institution, filed what he styled as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Because he exclusively raised claims concerning his medical treatment while incarcerated and did not challenge his underlying conviction or sentence, the Magistrate Judge on October 2 dismissed the Petition with leave to amend, instructing him, as was explained to him in his earlier case, Varner v. Warden, CV 20-5328-GW (JPR) (C.D. Cal. dismissed Sept. 10, 2020), that such claims must be brought in a civil-rights lawsuit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The Magistrate Judge directed the Clerk to provide

1

Petitioner with a civil-rights form to use to raise his inadequate-medical-care claims.  She warned him that if he did not timely file a civil-rights complaint within 30 days, this action would likely be dismissed for failure to prosecute and failure to obey a court order.  To date he has not responded to the Magistrate Judge's order in any way.

Courts may dismiss lawsuits that are not diligently prosecuted.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the respondent, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate in favor of dismissal.  The Court cannot simply leave hanging on its docket a case without a viable initial pleading. See, e.g., Hernandez v. Paramo, No. CV 15-5351-RSWL (DFM), 2016 WL 1430002, at *1-2 (C.D. Cal. Apr. 11, 2016) (dismissing without prejudice lawsuit that was mix of habeas and civil-rights claims when petitioner failed to file amended pleading or request extension of time).  And Petitioner has not rebutted the

presumption of prejudice to Respondent caused by his unreasonable delay.

Finally, there does not appear to be any less drastic sanction to take, as Petitioner has not availed himself of the opportunity to amend his pleading even after being expressly warned that if he didn't his case might be dismissed.  To the extent the prior dismissal with leave to amend does not constitute a "sanction," see Pagtalunan, 291 F.3d at 643, dismissal without prejudice is a less drastic sanction than with prejudice, which is authorized when a party has failed to diligently prosecute, see id. at 642-43 (affirming dismissal of habeas petition with prejudice for failure to diligently prosecute).  Although the fourth factor weighs against dismissal — as it always does — the other factors together outweigh the public's interest in disposing of the case on its merits.

Accordingly, this action is dismissed without prejudice for the reasons stated herein and in the Magistrate Judge's October 2, 2020 order.

DATED:   December 7, 2020

GEORGE WU
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3